# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**BRUCE WILSON,**

           **Plaintiff,**

-vs-                                                 Case No. 2:04-cv-122-FtM-33DNF

**NORTH SHORE SERVICE CENTER, INC.,**

           **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS AMENDED COMPLAINT (Doc. No. 18)** |
| **FILED:** | **December 29, 2004** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

    The Defendant North Shore Service Center, Inc. filed this Motion to Dismiss Amended Complaint (Doc. 18) based upon not being served within 120 days, and for failure to state a claim upon which relief may be granted. This Motion was referred to this Court by Order (Doc. 29) entered on April 13, 2005, by the Honorable Virginia Hernandez Covington, United States District Judge for an issuance of a Report and Recommendation.

**Allegations in the Amended Complaint**[1]

This is an action filed pursuant to Americans with Disabilities Act, 42, U.S.C. §12181, *et seq*. The Plaintiff asserts that he visited the property known as B.P. North Shore which is owned or leased by the Defendant. (Amended Complaint ¶11). The Plaintiff is an individual who qualifies as disabled under the Americans with Disabilities Act. (Amended Complaint, ¶6). The Plaintiff claims that the subject property has barriers to access which denied or diminished the Plaintiff's ability to visit the property, and the barriers have endangered his safety. (Amended Complaint, ¶7). The barriers include access to parking and a path of travel to the property. (Amended Complaint, §7). The Plaintiff argues that the Defendant has and is discriminating against him for failing to have accessible facilities. (Amended Complaint, ¶15). The Amended Complaint lists all of the alleged violations of the ADA. (Amended Complaint, ¶15).

**Standard for Motion to Dismiss**

In deciding a motion to dismiss, the Court must accept as true all factual allegations in the Complaint. *Hughes v. United States*, 110 F.3d 765, 767 (11th Cir. 1997); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1010 (11th Cir. 1992). The Complaint must be viewed and all reasonable inferences must be made in favor of the plaintiff. *Sawinski v. Bill Currie Ford, Inc.*, 866 F.Supp. 1383, 1385 (M.D. Fla. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A Complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that

---

[1] The allegations in the Amended Complaint will be taken as true for the purposes of this Motion to Dismiss only.

would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*).

**Analysis**

    **Rules 4(m) and 12(b)(5)**

In the Motion to Dismiss, the Defendant argues that pursuant to Fed.R.Civ.P. 4(m), and 12(b)(5), this action should be dismissed for failing to serve the Complaint within 120 days of being filed. Rule 4(m) provides in part as follows:

> If service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The original Complaint (Doc. 1) was filed on February 27, 2004. A Return of Service (Doc. 9[2]) was filed on May 17, 2004, showing that the Sheriff's Office attempted to serve the Defendant three times but was unable to locate him. An Amended Complaint (Doc. 10) was filed on June 7, 2004. The District Court entered an Order to Show Cause (Doc. 14) on December 27, 2004, requiring the Plaintiff to show cause as to why the case should not be dismissed for failure to affect service of process. The Plaintiff responded to the Order to Show Cause (Doc. 15) stating that counsel had attempted to obtain service on the Defendant corporation's registered agent, however, counsel was unsuccessful until December 7, 2004, when counsel served the president of the corporation. The

---

[2] A duplicate of that Return of Service (Doc. 11) was filed on August 23, 2004.

Return of Service (Doc.21 ) was filed on January 3, 2005, showing that the Defendant was served on December 8, 2004, after attempts were made on November 10, 2004, and November 18, 2004.

Prior to the 1993 amendments to the Federal Rules of Civil Procedure, a district court was required to dismiss a complaint that was not timely served absent a showing of good cause for the failure to timely serve. *Horenkamp v. Van Winkle and Company, Inc.*, __ F.3d ___, 2005 WL 56144[3] (11th Cir. 2005). However, in 1993, the Rules were amended and the Supreme Court concluded in *dicta*, that the 1993 amendment to Rule 4 affords the district court discretion to extend the time for service even in the absence of good cause. *Id.*, citing *Henderson v. United States*, 517 U.S. 654, 663 (1996). The Eleventh Circuit has now held that Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp*, ___ F.3d ___, 2005 WL 56144  (11th Cir. 2005).

The Plaintiff states that he contacted the Florida Department of State Records for the Defendant corporation and learned that Thomas Galter was the registered agent for the corporation. The Plaintiff directed the Lee County Sheriff's Department to serve the Summons on Mr. Galter on March 31, 2004, however, Mr. Galter was no longer at the address listed for the registered agent. The Plaintiff then filed an Amended Complaint, and decided to drive to the property on September 2, 2004, to verify that the structure had not been destroyed by the hurricanes that struck Southwest Florida. On November 5, 2004, the Plaintiff sent the Summons and Amended Complaint to the Lee County Sheriff's Office for service. The Sheriff tried to serve the Defendant in November 2004, but was unsuccessful until December 7, 2004. The Court finds that the Plaintiff has shown good cause why he could not serve the Defendant within the 120 day limitation of Rule 4(m). The District Court has

---

[3] Publication page references were not available for this case.

discretion to extend the time for service and the Court respectfully recommends that the time for service in this case be extended.

**Failure to State a Claim**

The Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted in that the Defendant has been the owner of the subject property since December 1994, and has not made any alteration which would fall under the provisions alleged. Further, the Defendant has removed architectural barriers which are readily achievable and reasonable accommodations have been made on the subject property. In support of its contentions, the Defendant has attached affidavits of Thomas J. Galter and Edward J. Delizia to its Motion to Dismiss.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *See*, *Ancata v. Prison Health Svcs., Inc.*, 769 F.2d 700, 702-03 (11th Cir. 1985) (stating that the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is "exceedingly low"), quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Devel.,* 711 F.2d 989, 995 (11th Cir. 1983). To determine a motion to dismiss, the Court must accept all of the factual allegations alleged in the Amended Complaint as true and view all reasonable inferences in favor of the Plaintiff. *See*, *Hughes v. United States*, 110 F.3d 765, 767 (11th Cir. 1997); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1010 (11th Cir. 1992), and *Sawinski v. Bill Currie Ford, Inc.*, 866 F.Supp. 1383, 1385 (M.D. Fla. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The Court declines to consider the affidavits that were attached to the Motion to Dismiss, and will only consider the allegations in the Amended

Complaint. The Court determines that the allegations in the Amended Complaint do state a cause of action upon which relief may be granted.

**Conclusion**

It is respectfully recommended that the Court deny the Motion to Dismiss Amended Complaint and find that service of the Amended Complaint was timely, and that the Plaintiff stated a cause of action upon which relief may be granted.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this 14th of April , 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record